IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MARLENY SUGEY PORTILLO CISNEROS<br>16 South Frederick Avenue<br>Apt. 204<br>Gaithersburg, Maryland 20877<br><br>     *On Behalf of Herself and*<br>     *All Others Similarly Situated*<br><br>     Plaintiff,<br><br>v.<br><br>NAV-EX, LLC<br>240 Main Street<br>Gaithersburg, Maryland 20878<br>     Serve Registered Agent:<br>     Luis Navarro<br>     3906 Braveheart Circle<br>     Frederick, Maryland 21704<br><br>LUIS NAVARRO<br>3906 Braveheart Circle<br>Frederick, Maryland 21704<br><br>FABIOLA NAVARRO<br>3906 Braveheart Circle<br>Frederick, Maryland 21704<br><br>     Defendants. | Civil Action No. |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Marleny Sugey Portillo Cisneros ("Plaintiff"), by and through her attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files her Complaint against Defendants Nav-Ex, LLC, Luis Navarro, and Fabiola Navarro (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3906841_2

§ 3-501, *et seq.*, and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiff worked for Defendants as a housekeeper. Plaintiff was paid at her regular hourly rate regardless of how many hours she worked. Plaintiff worked hours in excess of forty hours per week and was not compensated at the required overtime rate of one and one half times her regular hourly rate as required by Maryland and federal law. Plaintiff is aware of other current and former employees of Defendants who are similarly situated and who should have the opportunity to "opt-in" to this action to assert their right to unpaid overtime wages under the FLSA against Defendants. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA, the MWPCL, and the MWHL. Plaintiff and the FLSA Collective seek compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland. She consents to participate as a plaintiff in a collective action for the Plaintiff.

4. Nav-Ex, LLC ("Nav-Ex") is a Maryland corporation with its principal place of business in Gaithersburg, Maryland.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

3906841_2

5. Defendants Luis Navarro and Fabiola Navarro (the "Individual Defendants") are co-owners of Nav-Ex.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Defendants are "employers" within the meaning of the FLSA, the MWHL, and the MWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Plaintiff, and all others similarly situated, were "employees" covered by the FLSA, MWHL, MWPCL.

11. The Individual Defendants controlled the day to day operations of Nav-Ex.

12. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiff.

13. The Individual Defendants supervised Plaintiff directly or indirectly.

14. The Individual Defendants directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

15. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

16. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

17. The Individual Defendants would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

18. Plaintiff and the FLSA Collective were employed by Defendants as housekeepers during 2012 through 2014 (the "Employment Period").

19. Plaintiff and the FLSA Collective worked on an hourly basis.

20. Plaintiff was paid at a regular hourly rate of $8.75.

21. Plaintiff worked approximately sixty-six hours per week and was not compensated at the overtime rate of one and a one half times her regular hourly rate as required by Maryland and federal law.

22. Plaintiff was only compensated for forty hours per week.

23. Plaintiff is owed $25,252.50 in unpaid overtime wages.

24. Plaintiff and the FLSA Collective are owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff and other similarly situated employees, in violation of Maryland and federal law.

25. By statute, Defendants were required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; *see also* 29 U.S.C. §211.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

3906841_2

26. Should the employer fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

27. The precise number of hours worked and wages owed should be revealed through discovery.

28. Defendants knowingly and intentionally violated Plaintiff's and the FLSA Collective's rights under Maryland and federal law.

OTHER PUTATIVE PLAINTIFFS

29. Plaintiff is aware of other current and former employees of Defendants who are similarly situated and who should have the opportunity to "opt-in" to this action to assert their rights to unpaid overtime wages under the FLSA against Defendants.

30. Other putative plaintiffs that should be notified of their right to "opt-in" to this action include all current or past employees of Defendants at any time between January 8, 2012 through present who worked hours in excess of forty hours per week and were not compensated at the required overtime rate.

31. Plaintiff has personal knowledge that other current or former employees of Defendants have not yet joined this action either (1) because they are not aware of their rights to receive overtime pay under the FLSA, MWPCL and MWHL or (2) because they are afraid that if they "opt-in" and assert their rights to overtime compensation under the FLSA and MWHL they will be retaliated against by Defendants.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT I
## (FLSA)

32.     Plaintiff and the FLSA Collective adopt herein by reference paragraphs 1 through 31 above as if fully set forth herein.

33.     Defendants were required to pay Plaintiff, and all other similarly situated employees, compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

34.     Throughout the Employment Period, Defendants failed to compensate Plaintiff, and all other similarly situated employees, at the required overtime rate.

35.     Unpaid overtime wages are due and owing to Plaintiff, and all other similarly situated employees, by Defendants.

36.     Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

37.     Defendants' violation makes them liable to Plaintiff, and all other similarly situated employees, for all unpaid overtime wages and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff, and all other similarly situated employees, respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $50,505.00 which is approximately two times the total overtime compensation owed to the named Plaintiff, to grant Plaintiff, and all other similarly situated employees, their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT II
### (Violation of the Maryland Wage Payment and Collection Law)

38. Plaintiff and the FLSA Collective adopt herein by reference paragraphs 1 through 31 above as if fully set forth herein.

39. The amounts owed to Plaintiff, and all other similarly situated employees, by Defendants for unpaid overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

40. Defendants were required to pay to Plaintiff, and all other similarly situated employees, compensation at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week. *See* Md. Code, *Labor and Empl*, §3-415.

41. While employed by Defendants, Plaintiff, and all other similarly situated employees, worked overtime hours that were not properly compensated by Defendants as required by the MWPCL.

42. Unpaid overtime wages are due and owing to Plaintiff, and all other similarly situated employees, by Defendants.

43. Defendants' failure and refusal to comply with its obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff, and all other similarly situated employees, respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally and in favor of Plaintiff, and all other similarly situated employees, in an amount to be determined at trial, but no less than $75,757.50 which equals approximately three times the wages owed to the named Plaintiff; and to grant to Plaintiff, and all other similarly situated employees, their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

44. Plaintiff and the FLSA Collective adopt herein by reference paragraphs 1 through 31 above as if fully set forth herein.

45. Defendants were required to pay to Plaintiff, and all other similarly situated employees, compensation at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week. *See* Md. Code, *Labor and Empl*, §3-415.

46. While employed by Defendants, Plaintiff, and all other similarly situated employees, worked overtime hours that were not properly compensated by Defendants as required by the MWHL.

47. Unpaid overtime wages are due and owing to Plaintiff, and all other similarly situated employees, by Defendants.

48. Defendants' failure and refusal to comply with its obligations under the MWHL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff, and all other similarly situated employees, respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, and all other similarly situated employees, in an amount to be determined at trial, but not less than $25,252.50, which equals the approximate wages owed to the named Plaintiff, and to grant to Plaintiff, and all other similarly situated employees, their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

        Respectfully submitted,

        STEIN SPERLING BENNETT
        DE JONG DRISCOLL PC

By:    */s/ Mary Craine Lombardo*
        Mary Craine Lombardo (17140)
        25 West Middle Lane
        Rockville, Maryland 20850
        301-340-2020
        301-354-8126 (fax)
        mlombardo@steinsperling.com

*Attorneys for Plaintiff, and all other similarly situated employees*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

9

3906841_2